UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSHUA M. BURZYNSKI,<br><br>Plaintiff,<br><br>v.<br><br>DIRT KART, INC.,<br><br>Defendant. | Case No. 2:22-cv-00500-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

In this case, Plaintiff Joshua Burzynski, proceeding pro se, seeks statutory damages under the Telephone Consumer Protection Act, 47 U.S.C. § 227, against Defendant Dirt Kart, Inc., for claims arising out of Defendant's alleged SMS messages to Burzynski. Dkt 1. On April 3, 2023, the Clerk of Court entered default against Dirt Kart pursuant to Federal Rule of Civil Procedure 55(a). Dkt. 10. It has been nearly six weeks since then, but to date, Dirt Kart has not filed any response or otherwise appeared in the case. Now before the Court is Burzynski's motion to enter default judgment. Dkt. 11. For the reasons explained below, the Court will deny the motion without prejudice.

**MEMORANDUM DECISION AND ORDER - 1**

## DISCUSSION

After a defendant's default has been entered, a plaintiff may apply for judgment based on such default, otherwise known as a default judgment. To obtain a default judgment, the plaintiff may take one of two routes. First, "[if] the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing . . . ." Fed. R. Civ. P. 55(b)(1). In all other cases, however, the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). A court has discretion as to whether to enter default judgment and considers the following factors in making that determination:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Once the plaintiff has so moved, "[t]he court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C)

**MEMORANDUM DECISION AND ORDER - 2**

establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

In this case, Burzynski seeks $106,527.11 in damages. To the extent that Burzynski moves for default judgment under Rule 55(b)(1), he provides the following calculation in his motion:

    1. 2 messages prior to first opt-out - $500.00 each, totaling $1000.00
    2. 70 messages in willful and negligent violation, harassing in nature - $1500.00 each, totaling $105,000.00
    3. Evidence photo copies - $8.11
    4. Civil Suit Filing fee - $402.00
    5. Cost to serve Defendant subpoena - $75.00
    6. Travel Costs/ Research Costs - $42.00
    7. Cost of judgement collections - to be determined along with interest

Dkt. 11. However, there is no declaration or other documentation to support the claim. As such, Burzynski has not shown that his requested damages are for a sum certain. *See Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 929 (9th Cir. 2004) ("[A] claim is not a sum certain unless no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default.").

Burzynski does not fare better under Rule 55(b)(2). He does offer some general (albeit somewhat conclusory) legal analysis that the promotional text messages he received from Defendant violated the Telephone Consumer Protection

MEMORANDUM DECISION AND ORDER - 3

Act. However, he does not offer any analysis about whether the *Eitel* factors are met. Even considering Burzynski's pro se status, the Court cannot ignore a complete failure to discuss the governing legal standard.

Furthermore, Burzynski has not presented any evidence in support of his damages request whatsoever. Although "[i]n reviewing a default judgment, this court takes the well-pleaded factual allegations in the complaint as true," that does not extend to allegations relating to the amount of damages. *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). The Court cannot accept Burzynski's requested damages at face value.

The Court finds that the present record does not warrant default judgment at this time. Accordingly, **IT IS ORDERED that** Plaintiff's Motion for Default Judgment (Dkt. 11) is **DENIED WITHOUT PREJUDICE**. Any renewed motion for default judgment must be supported by argument and evidence as specified in this Order.

DATED: May 12, 2023

_____
B. Lynn Winmill
U.S. District Court Judge